UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.:  23-cv-2515 JRT/DTS

| | |
|---|---|
| Shimone Rogers,<br><br>           Plaintiffs,<br>v.<br><br>Anong, LLC d/b/a Availblue.com, wholly owned by the Lac Du Flambeau Band of Lake Superior Chippewa Indians,<br>           Defendant. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Shimone Rogers (hereinafter "Plaintiff"), and for her Complaint against Defendant, Anong, LLC d/b/a Availblue.com, wholly owned by the Lac Du Flambeau Band of Lake Superior Chippewa Indians (hereinafter "Defendant") state as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for damages against Defendant for violations of the Automatic Stay under the Bankruptcy Code, 11 U.S.C. § 362(h), and common law Invasion of Privacy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 11 U.S.C. § 362(h), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the transactions at issue occurred in this District, Plaintiff resides in this District, and

Defendant transacts business in this District. Also, the venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), because, among other reasons, a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff Shimone Rogers, is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Cottage Grove, County of Washington, State of Minnesota

5. Defendant Anong, LLC d/b/a Availblue.com is wholly owned by the Lac Du Flambeau Band of Lake Superior Chippewa Indians, operating as a tribal lending entity specializing in short-term, small-dollar, high-interest loans. Defendant's corporate headquarters are located at 597 Peace Pipe Road, Lac Du Flambeau, Wisconsin.

## FACTUAL SUMMARY

6. In the winter of 2022, Plaintiff needed additional funds to pay her bills.

7. Accordingly, Plaintiff took out a loan with Defendant in December of 2022 with a loan identification number ending in XX4342.

8. Due to personal financial difficulty, On February 17, 2023, Plaintiff commenced a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, District of Minnesota, Case No. 23-30267.

9. On February 17, 2023, Plaintiff's bankruptcy attorney sent Defendant, via email, a notice of representation in Plaintiff's Chapter 7 bankruptcy and a request to stop any automatic deductions from Plaintiff's bank accounts.

10. Despite notice of representation and Plaintiff's Chapter 7 bankruptcy, on February 20, 2023, Defendant called Plaintiff directly on her cellphone in an attempt to collect on Plaintiff's loan account with a loan identifying number ending in XX4342, in violation of 11 U.S.C. § 362(a).

11. Initially, Plaintiff failed to include Defendant as a creditor in the Chapter 7 bankruptcy.

12. On February 21, 2023, Plaintiff added Defendant as a creditor to the bankruptcy creditor matrix.

13. On February 22, 2023, Defendant sent Plaintiff an email that requested more information about her bankruptcy filing and attempted to collect on Plaintiff's loan account with a loan identifying number ending in XX4342, in violation of 11 U.S.C. § 362(a).

14. On the morning of February 23, Plaintiff forwarded Defendant an email from Plaintiff's bankruptcy attorney that showed the official filing date for Plaintiff's Chapter 7 bankruptcy petition was February 17, 2023, with case number 23-30267.

15. On February 23, 2023, Plaintiff's bankruptcy attorney sent Defendant via email a second notice of Plaintiff's bankruptcy containing the case number and demanding Defendant cease contacting Plaintiff or attempting to collect on Plaintiff's loan account with a loan identifying number ending in XX4342.

16. On February 23, 2023, Plaintiff's bankruptcy attorney received a call from Defendant's Director of Recovery and Collections, Rick Gwen, who confirmed that Defendant had received the February 23, 2023, email from Plaintiff's bankruptcy

attorney.

17. On February 24, 2023, Defendant withdrew $165.00 from Plaintiff's Affinity Plus checking account Despite receiving notice of Plaintiff's bankruptcy and Defendant's inclusion therein, in violation of 11 U.S.C. § 362(a).

## TRIAL BY JURY

18. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### AUTOMATIC STAY VIOLATION – 11 U.S.C. § 362

19. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

20. Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

21. Defendant's actions by presenting to Plaintiff an attempt to collect on a debt that had been included in a bankruptcy, violated the automatic stay.

22. Defendant's actions in attempting to collect the alleged debt included in Plaintiff's bankruptcy were willful.

23. Defendant's violations of the automatic stay entitle Plaintiff to actual damages, attorney's fees, and costs, under Sections 362(k) and any other applicable sections of the Bankruptcy Code.

24. The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendants are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant are follows:

- A judgment be entered against Defendant and in favor of Plaintiff for actual damages, including attorney's fees and costs, for Defendants' violation of the automatic stay;
- Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay; and
- For such other and further relief as may be just and proper.

Dated this 31st day of October 2023.

Respectfully submitted,

By: *s/Carter B Lyons*
Carter B. Lyons, Esq.
Attorney I.D. #:  0403655
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
carter@consumerjusticecenter.com
tommy@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Shimone Rogers, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 7th day of August 2023.

s/Shimone Rogers
Shimone Rogers