## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shimone Rogers, | Case No. 23-CV-02515 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Anong, LLC, *wholly owned by the Lac Du Flambeau Band of Lake Superior Chippewa Indians*, d/b/a Availblue.com, | |
| Defendant. | |

Before the Court is Defendant Anong, LLC's (Anong) Motion to Compel Arbitration.  (Doc. No. 10.)  Given the applicable provisions of the Local Rules and the Bankruptcy Code, the Court denies Anong's motion and dismisses the case without prejudice.  The Parties should bring the matter before the U.S. Bankruptcy Court for the District of Minnesota (Bankruptcy Court).

### BACKGROUND

On August 16, 2023, Plaintiff Shimone Rogers filed this action against Anong, a limited liability company that is wholly owned by the Lac du Flambeau Bank of Lake Superior Chippewa Indians.  (Doc. No. 1.)  Shortly thereafter, Rogers filed an Amended Complaint.  (Doc. No. 9 [hereinafter, "Am. Compl."].)

Rogers's Amended Complaint alleges that Anong specializes in lending short-term, high-interest loans and that, in December 2022, Rogers took out a loan with Anong.  (*Id.* ¶¶ 5–7.)  On February 17, 2023, Rogers filed for Chapter 7 bankruptcy in the Bankruptcy

Court.  (*Id.* ¶ 8); *see also In re Rogers*, No. 23-30267 (Bankr. D. Minn.).  Rogers alleges that despite having notice of the bankruptcy, Anong telephoned her and ultimately withdrew a loan payment from her checking account.  (Am. Compl. ¶¶ 10, 17.)  Rogers's Amended Complaint asserts a single claim for violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(k).  (*Id.* ¶¶ 19–24.)

## DISCUSSION

Anong requests that this Court compel arbitration and argues that, as a result of that decision, the Court must also dismiss the Amended Complaint.  (*See* Doc. No. 12.)  As a threshold matter, however, this Court must first determine whether this request is properly heard by the Court or whether Anong's motion should instead be referred to Bankruptcy Court.

District courts have jurisdiction to hear civil proceedings arising under the bankruptcy code, but bankruptcy courts may also "hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(1).  "Core proceedings . . . are those which arise only in bankruptcy or involve a right created by federal bankruptcy law." *Barsness v. Wilshire Credit Corp.* (*In re* Barsness), 398 B.R. 655, 658 (Bankr. D. Minn. 2008).  A proceeding seeking damages under section 362(k) "is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1)" because the automatic stay is "a creature peculiar to federal bankruptcy law." *In re Elegant Concepts, Ltd.*, 67 B.R. 914, 917 (Bankr. E.D.N.Y. 1986) (analyzing § 362(h) (later recodified at § 362(k)).

To this end, district courts may refer cases arising under title 11 to the district's bankruptcy judges. 28 U.S.C. § 157(a). Under this Court's local rules, "[a]ll bankruptcy cases and proceedings . . . are referred to the bankruptcy judges and shall be assigned among them according to orders made by them." Bankr. D. Minn. R. 1070–1.

The bankruptcy court is the proper court for the section 362(k) claim asserted in this case. *See, e.g.*, *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026 (D. Minn. 2013) (concluding that this District's automatic-referral rule, Bankr. D. Minn. R. 1070–1, requires that claims brought under 11 U.S.C. § 362(k) be heard in bankruptcy court); *Carnes v. IndyMac Mortg. Servs.*, No. 10-CV-3005 (RHK/SRN), 2010 WL 5276987, at *4 (D. Minn. Dec. 17, 2010) (finding that Plaintiff's section 362(k) claim "should be brought in Bankruptcy Court rather than this Court"); *Ritchie Cap. Mgmt., L.L.C. v. JPMorgan Chase & Co.*, No. 14-CV-4786 (DWF/FLN), 2015 WL 12540194, at *4 (D. Minn. July 2, 2015) (concluding that referral of bankruptcy-related claims to bankruptcy court was appropriate). The Court is persuaded by the analysis in these cases and given the clear language of the automatic-referral rule, Rogers's claim for willful violation of the automatic stay under 11 U.S.C. § 362(k) should be heard by the Bankruptcy Court. Therefore, the Court dismisses the Amended Complaint without prejudice. Nothing in this Order should be understood as precluding Anong from requesting that the Bankruptcy Court compel arbitration of this dispute.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Defendant Anong, LLC's Motion to Compel Arbitration (Doc. No. 10) is DENIED;

2.    Plaintiff Shimone Rogers's Amended Complaint (Doc. No. 9) is DISMISSED WITHOUT PREJUDICE.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 22, 2024                              /s/ *Jeffrey M. Bryan*
                                                  Judge Jeffrey M. Bryan
                                                  United States District Court